Ronald N. Richards (Cal. State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Email: ron@ronaldrichards.com
P.O. Box 11480
Beverly Hills, California 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325

Geoffrey S. Long (Cal. State Bar No. 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
Email: glong0607@gmail.com
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, California 90266
Telephone: (310) 480-5946
Facsimile: (310) 796-5663

Attorneys for Plaintiff ARIELLE LORRE, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARIELLE LORRE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THEECOMFY LLC, a New Mexico limited liability company; and VICTOR CARRERAS GONZALEZ, an individual,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) MISAPPROPRIATION OF NAME AND LIKENESS**<br><br>**(2) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)** |

COMES NOW Plaintiff ARIELLE LORRE ("Plaintiff" or "Lorre") for her Complaint against Defendants THEECOMFY LLC ("Theecomfy") and VICTOR CARRERAS GONZALEZ ("Gonzalez," collectively "Defendants"), and states and alleges as follows:

**PARTIES**

1.　　Lorre is a woman residing in Los Angeles County, State of California.

1
COMPLAINT FOR MISAPPROPRIATION OF NAME AND LIKENESS AND VIOLATION OF CAL. UNFAIR
BUSINESS PRACTICES LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

2. Defendant Theecomfy is a New Mexico limited liability company with its principal place of business located in Albuquerque, New Mexico. Theecomfy is not registered with the California Secretary of State to conduct business in the State of California.

3. Defendant Gonzalez is an individual. Plaintiff is informed and believes that Gonzalez is the sole managing member of Theecomfy. Plaintiff is informed and believes that Gonzalez resides in Albuquerque, New Mexico.

4. Plaintiff is informed and believes, and thereon alleges, that at all times alleged in this Complaint, Defendants, and each of them, were the agents, alter egos, and representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of their respective authorities as agents, representatives, and are jointly and severally liable to Plaintiff.

5. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint Gonzalez and Theecomfy are and were the alter egos of each other. Plaintiff alleges that as alter egos of each other, Gonzalez and Theecomfy each are liable for the debts, obligations, and acts of each other. The separateness of Theecomfy should be disregarded in order to promote the ends of justice. Theecomfy has been used by Gonzalez to perpetrate a fraud on the public, and its separateness should be disregarded and the acts of each of them should be treated as if they were the acts of the others.

6. Plaintiff is informed and believes, and thereon alleges, that Gonzalez failed to treat Theecomfy as a separate entity and operated that business as a sole proprietorship.

7. Plaintiff is informed and believes, and thereon alleges, that as between Gonzalez and Theecomfy there is a domination of finances, policies and practices such that there is no corporate separateness between them, that Theecomfy is simply a business conduit for Gonzalez and the corporate veil should be pierced.

8. Plaintiff is informed and believes, and thereon alleges, that Theecomfy and Gonzalez are the alter egos of each other. Plaintiff is informed and believes that Theecomfy is:

a. undercapitalized,
b. has commingled funds and other assets between Theecomfy and Gonzalez,
c. has failed to segregate funds,
d. that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,
e. that Gonzalez has treated the assets of Theecomfy as his own and used the funds for his personal uses,
f. that there has been a failure to maintain minutes and adequate corporate/LLC records,
g. there is an absence of corporate assets,
h. that the use of the entity is a mere shell, instrumentality or conduit for the business of Gonzalez,
i. there is a disregard of legal formalities and the failure to maintain arm's length relationships between Theecomfy and Gonzalez,
j. there have been diversions of assets from the entity to Gonzalez to the detriment of creditors, and
k. there has been a use of Theecomfy as a shield against personal liability of Gonzalez.

## JURISDICTION AND VENUE ALLEGATIONS

9. This Court has original subject matter jurisdiction over this action pursuant to 18 U.S.C. Section 1332 in that the amount in controversy exceeds $75,000, exclusive of interest, Plaintiff is a citizen/resident of the State of California, Gonzalez is a citizen/resident of the State of New Mexico, and Theecomfy is a citizen

of New Mexico (<u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006)).

10. Venue is proper in this Court on the ground that Plaintiff resides in this judicial district.

## STATEMENT OF FACTS

11. Plaintiff is a well-known and successful lifestyle, wellness, and health influencer based in Los Angeles, California.

12. In 2016, Plaintiff made her Instagram debut, which thereafter lead to the creation of her website and subsequent podcast, Well with Arielle Lorre. She has an incredibly profitable brand and protects it by being very discerning with partnerships and content. This is what Plaintiff really looks like:



13. Plaintiff has numerous valuable endorsements in the health, lifestyle, and beauty industries as a result of her brand, story, success as an influencer, appearance, likeness, and image.

14. Plaintiff has become widely known for her skin, skincare videos, and being a trusted authority in the beauty space.

15. Plaintiff's brand, likeness, and image have significant personal and commercial value.

16. Plaintiff is informed and believes that Defendants own and operate the website www.skaind.com whereon Defendants market and sell a skin care line under the brand name Skaind, possibly among others.

17. Plaintiff is informed and believes that Defendants maintain and operate the Instagram account @skaind_brand and perhaps other accounts on Instagram, Facebook, and other forms of social media whereon Defendants market and sell a skin care line under the brand name Skaind.

18. Defendants have used on social media, including on their Instagram and Facebook accounts, a video that Defendants falsely altered, edited, and manipulated to suggest that Plaintiff is participating in an interview with Defendants' to promote and endorse their products, Skaind brand, and company/business.  The manipulated and edited video made and used by Defendants falsely suggests and implies that Plaintiff is endorsing Defendants' product/business or commenting on it and falsely claiming that Plaintiff is 60 years old.  Defendants engaged in these false acts without Plaintiff's knowledge, permission or consent.  Defendants have used AI and other deceptive tools to manipulate Plaintiff's image.

19. Defendants utilized the fake images of Plaintiff by, among other means, distributing them to a targeted list of social media followers of Plaintiff.

20. Defendants also posted pictures of Plaintiff on Defendants' Instagram and social media accounts without Plaintiff's knowledge, permission or consent.

Defendants also had b-roll video of Plaintiff's significant other without permission.

21. The following screenshots were taken from Defendants' Instagram account @skaind_brand and are examples of the foregoing false and tortious acts by Defendants against Plaintiff and tortious use and misappropriation of her likeness and image. The first screenshot is directly from Defendants' Instagram account as it appeared therein. The red text in the second screenshot was added by Plaintiff to describe each of the two side-by-side images in the second screenshot:





22. Defendants' false acts and misappropriation of Plaintiff's likeness has interfered with and is interfering with the integrity of Plaintiff's well-positioned and credible endorsements.

23. Defendants' false acts and misappropriation of Plaintiff's likeness has impaired Plaintiff's credibility in connection with her business as an influencer and endorser of beauty and health products.

24. Defendants have not compensated Plaintiff for the use of her image and likeness.

25. Defendants' acts have and are diluting Plaintiff's brand and the value of her approved and paid endorsements.

26. It is unknown how long Defendants have been engaging in the foregoing tortious and wrongful conduct against Plaintiff and her image and likeness.

27. Defendants were notified in writing of their tortious and wrongful acts on or about April 2, 2025.

28. In response to a message sent to Defendants via their social media account regarding their unauthorized use of Plaintiff's image and likeness, Defendants admitted to the unauthorized use and misappropriation of Plaintiff's image and likeness as follows:

> Hello Arielle
>
> We wanted to apologize for the use of a video clip of you in our recent advertising campaign. We want to clarify that at no time was it our intention to use your image or voice without authorization.
>
> Our marketing team accessed this content through an artificial intelligence platform without being aware that it was a recognized person or with image rights.
>
> The content will be removed from Meta today. However, it may still be displayed briefly due to Meta's refresh times, as advertising impacts are not instantly interrupted.
>
> We deeply regret this situation and any inconvenience it may have caused

you. We are committed to strengthening our internal processes to prevent this from happening again.

If there is anything else we can do to correct the error, please let us know.

Yours sincerely,

Lucie

29. Plaintiff is informed and believes that Defendants are continuing their tortious and wrongful use and misappropriation of Plaintiff's likeness and image.

## FIRST CLAIM

### For Misappropriation of Name and Likeness

### (Against all Defendants)

30. Plaintiff realleges and reavers the allegations set forth in paragraphs one through twenty-nine above as if fully rewritten herein.

31. Defendants have used Plaintiff's image and likeness on Defendants' social media, including but not limited on Defendants' Instagram account, as alleged herein.

32. Plaintiff is further informed and believes that Defendants have used Plaintiff's image and likeness on Defendants' website.

33. Defendants' use and misappropriation of Plaintiff's image and likeness was undertaken by Defendants for the purpose of promoting, marketing and selling Defendants' business and products and for the purpose of Defendants commercial/business and other advantage and benefits.

34. Plaintiff did not consent to Defendants' use and misappropriation of her likeness and image.

35. Defendants' false, wrongful, unauthorized, and tortious use of Plaintiff's likeness and image has resulted in injury to Plaintiff including, but not limited to, diluting her brand, diluting the value of her endorsement of her legitimate clients, and harming her credibility as an influencer.

36. As a direct and proximate result of Defendants' tortious conduct as

alleged herein, Plaintiff has been damaged in the amount of at least $2,000,000 according to proof.

37. In doing the things alleged herein, Defendants acted willfully, maliciously, and with the intent to cause injury and harm to Plaintiff and to intentionally and falsely misappropriate Plaintiff's image and likeness. Defendants are guilty of malice and/or fraud in conscious disregard of Plaintiff's rights, thereby warranting punitive and exemplary damages in an amount appropriate to punish Defendants, and each of them, and deter them and others from engaging in similar misconduct.

## SECOND CLAIM

## Violation of California Unfair Business Practices Act

### (*Cal. Bus. & Prof. Code* §§ 17200 *set seq.*)

**(Against all Defendants)**

38. Plaintiff realleges and reavers the allegations set forth in paragraphs one through thirty-seven above as if fully rewritten herein.

39. Defendants have engaged in acts violating California law including, but not limited to, misappropriating Plaintiff's image and likeness.

40. Plaintiff is informed and believes, and thereon alleges, that for the reasons set forth herein, Defendants have and are engaged in unlawful, unfair, and fraudulent business practices in violation of California *Business & Professions Code,* section 17200, including, but not limited to:

    a. misappropriating Plaintiff's image and likeness;
    b. altering images/video of Plaintiff; and
    a. representing that Defendants' products have Plaintiff's approval and endorsement when they do not.

41. Plaintiff is informed and believes, and thereon alleges, that for the reasons set forth above, Defendants have violated the unlawful prong of California

*Business & Professions Code,* section 17200, in that the acts, practices, and business activities of Defendants, as alleged herein, are forbidden by law.

42. Plaintiff is informed and believes, and thereon alleges, that for the reasons set forth above, Defendants have violated the fraudulent business practices prong of California *Business & Professions Code,* section 17200, in that Defendants' foregoing business practices are likely to deceive and did deceive California consumers because they are untrue and/or had a tendency to mislead or deceive.

43. Plaintiff is informed and believes, and thereon alleges, that Defendants also have violated the fraudulent business practices prong of California *Business & Professions Code,* section 17200, in that, Defendants made the false misrepresentations to California consumers as alleged herein.

44. Plaintiff has suffered injury in fact and loss of money and/or property as a direct result of Defendants' violations of California *Business & Professions Code,* section 17200.

45. Pursuant to California *Business and Professions Code* Section 17203, Plaintiff is entitled to restitution of amounts paid to or received by Defendants and rightfully belonging to Plaintiff.

46. Plaintiff also seeks a preliminary and permanent injunction against Defendants from engaging in each of the unlawful, unfair, and fraudulent practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For damages according to proof, but in the amount of at least $2,000,000.

2. That an injunction be issued, preliminarily and permanently, ordering the Defendants to remove any images and likeness of Plaintiff from their Instagram accounts, Facebook page, all other social media accounts, and website.

3. That Defendants, their affiliates, officers, agents, servants, employees,

attorneys, confederates, and all other persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminary, and permanently enjoined and restrained from:

    a)    using Plaintiff's likeness or image;

    b)    representing or passing off that Plaintiff has endorsed any of Defendant' products, business or company; and

    c)    committing any acts calculated or intended to cause consumers to believe that Plaintiff has endorsed Defendants' products, business or company.

4.    For restitution of all amounts received by Defendants for the use and misappropriation of Plaintiff's likeness and image.

5.    For preliminary and permanent injunctive relief enjoining Defendants' unlawful, unfair, and fraudulent business practices in connection with the use and misappropriation of Plaintiff's image and likeness.

6.    That Plaintiff be awarded her reasonable attorneys' fees pursuant to statute.

7.    For punitive or exemplary damages.

8.    That Plaintiff be awarded court costs.

9.    That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

DATED: May 29, 2025    LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES, A.P.C.

    By:  /s/ Ronald Richards
    Ronald Richards, Esq.
    Attorneys for Plaintiff COASTLINE SANTA MONICA INVESTMENTS, LLC

DATED: May 29, 2025    LAW OFFICES OF GEOFFREY LONG, A.P.C.

    By:  /s/ Geoffrey Long
    Geoffrey Long, Esq.
    Attorneys for Plaintiff COASTLINE SANTA MONICA INVESTMENTS, LLC