Ronald N. Richards (Cal. State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Email:  ron@ronaldrichards.com
P.O.  Box 11480
Beverly Hills, California 90213
Telephone:   (310) 556-1001
Facsimile:    (310) 277-3325

Geoffrey S. Long (Cal. State Bar No. 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
Email:  glong0607@gmail.com
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, California 90266
Telephone:   (310) 480-5946
Facsimile:    (310) 796-5663

Attorneys for Plaintiff ARIELLE LORRE, an individual

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ARIELLE LORRE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THEECOMFY LLC, a New Mexico limited liability company; and VICTOR CARRERAS GONZALEZ, an individual,<br><br>Defendants. | Case No. 2:25-cv-05525-SVW-RAO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS THEECOMFY LLC AND VICTOR CARRERAS GONZALEZ; DECLARATIONS OF ARIELLE LORRE AND RONALD RICHARDS, ESQ.**<br><br>**DATE:  OCTOBER 20, 2025**<br>**TIME:  1:30P.M.**<br>**LOCATION: CTRM 10A** |

1

2   **TO THE COURT AND DEFENDANTS THEECOMFY LLC AND**

3   **VICTOR CARRERAS GONZALEZ:**

4       PLEASE TAKE NOTICE THAT on October 20, 2025 at 1:30 p.m., or as soon

5   thereafter as this matter may be heard in Courtroom 10A, Judge Stephen Wilson

6   presiding, of the above-entitled Court located at 350 W. 1st Street, Los Angeles, CA

7   90012, Plaintiff ARIELLE LORRE ("Plaintiff") will move the Court to enter default

    judgment and a permanent injunction against Defendants THEECOMFY LLC

8   ("Theecomfy") and VICTOR CARRERAS GONZALEZ ("Gonzalez," collectively

9   "Defendants").

10      As set forth in the accompanying Memorandum of Points and Authorities, there

11  is good cause for the relief requested. Defendants failed to appear in this action and

    the clerk has previously entered the default of said Defendants on August 6, 2025.

12  Defendants are not minors or incompetent persons or in military service or otherwise

13  exempted under the Servicemembers Civil Relief Act.

14      Further, as set forth more fully in the Complaint, herein, and in the

15  accompanying Proposed Order:

16  1. Defendants misappropriated Plaintiff's name and likeness through AI-generated

        deepfake advertisements, and on that basis, Plaintiff seeks injunctive relief to

17      permanently restrain Defendants as follows:

18      a. Using, publishing, or distributing any material that misappropriates Plaintiff's

19  name, image, likeness, or voice, including but not limited to AI-generated content;

20      b. Representing or implying that Plaintiff endorses, sponsors, or is affiliated

21  with Defendants' products, business, or company; and

22      c. Engaging in any unfair, unlawful, or fraudulent business practices in violation

23  of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.) in

    connection with Plaintiff's rights.

24

MOTION FOR DEFAULT JUDGMENT

2.  Plaintiff further seeks an order requiring Defendants to immediately remove all images, videos, or likenesses of Plaintiff from their websites, social media accounts, and any other platforms under their control.

In addition, damages against Defendants, jointly and severally, in the amount of $200,000 in compensatory damages, $200,000 in punitive damages, $10,200.00 in attorney fees, $902.00 in court costs, and prejudgment interest to be determined up to the date of the judgment and for post judgment interest are also requested.

This Motion is based on this Notice, the attached Declarations of Ronald N. Richards and Arielle Lorre, and the pleadings, files and other matters that may be presented at the hearing.


DATED: September 18, 2025    LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES, A.P.C.


By:   /s/ Ronald Richards
Ronald Richards, Esq.
Attorneys for Plaintiff Arielle Lorre

DATED: September 18, 2025    LAW OFFICES OF GEOFFREY LONG, A.P.C.


By:   /s/ Geoffrey Long
Geoffrey Long, Esq.
Attorneys for Plaintiff Arielle Lorre

MOTION FOR DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff ARIELLE LORRE ("Plaintiff" or "Lorre") brought this action against Defendants THEECOMFY LLC ("Theecomfy") and VICTOR CARRERAS GONZALEZ ("Gonzalez") (collectively "Defendants") for misappropriation of name and likeness and violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.) arising from Defendants' unauthorized use of Plaintiff's likeness in AI-generated deepfake advertisements falsely endorsing their products.

Defendants were served with the Complaint, but failed to respond or appear. The Clerk entered default against the Defendants on August 6, 2025 (Dkt. 14 and 15), and Lorre now seeks entry of a default judgment and permanent injunction against both Defendants.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

#### 1.    Plaintiff Lorre and Her Rights of Publicity.

Lorre is a well-known influencer and podcaster in the wellness and beauty industry, residing in Los Angeles County, California. She has built a substantial following and brand value through her authentic endorsements and content. (Complaint, Dkt. 1, ¶ 1.) Lorre's name, image, and likeness are protected under California law, including common law and statutory rights of publicity. (Id., ¶¶ 1, 5.)

#### 2.    Defendants' Unauthorized Use of Lorre's Likeness.

Defendant Theecomfy is a New Mexico limited liability company with its principal place of business in Albuquerque, New Mexico. (Id. at ¶2). Defendant Gonzlez is an individual and the sole managing member of Defendant Theecomfy. (Id. at ¶3). Defendant Theecomfy and Defendant Gonzalez are alter egos of each other. (Id. ¶5). Defendant Gonzalez does not treat Theecomfy as a separate entity and operates that business as a sole proprietorship. (Id., ¶6).

As alleged in the Complaint, Defendants used AI-generated deepfake videos and images of Plaintiff's likeness to falsely endorse their skincare products, including on social media and their website. This misuse began around early 2025 and continued until at least the filing of this lawsuit. (Id., ¶¶ 2-3, 5-7.) Plaintiff is informed and believes that Gonzalez is the sole managing member of Theecomfy and that they are alter egos. (Id., ¶¶ 3-7.) Lorre has not authorized Defendants to use her likeness. (Id., ¶¶ 4, 6.)

Defendants' misappropriation of Lorre's likeness has been done with the intent of deceiving or misleading consumers into mistakenly believing that Lorre endorses their products, which is likely to cause confusion, mistake, or deception. (Id., ¶¶ 5, 14-18.) Accordingly, Defendants' actions misappropriate the goodwill built up by Lorre and otherwise confuse and misdirect consumers. (Id.) As a result, Lorre has suffered, is suffering, and will continue to suffer irreparable injury for which Lorre has no adequate remedy at law. (Id., ¶¶ 24-28.)

As a result of the above, Lorre brought this action against Defendants for misappropriation of name and likeness and unfair business practices.

Defendants are a limited liability company and an individual, respectively, and are not minors, incompetent persons, or in military service. Accordingly, the Servicemembers Civil Relief Act does not apply.  (Declaration of Ronald N. Richards ("Richards Decl."), attached hereto, at ¶ 6.)

### B.    Procedural History

Lorre filed her Complaint against Defendants on June 18, 2025. (Dkt. 1, Complaint; Richards Decl., ¶ 2.) Lorre filed a proof of service for Defendants Victor Carreras Gonzalez and Theecomfy LLC on July 17, 2025. (Richards Decl., ¶ 3 and Dkts. 10 and 11.)

Defendants failed to respond to the Complaint and made no appearance in the action, although a response was due no later than July 18, 2025. (Richards Decl. at ¶¶

4-5.) Accordingly, on August 3, 2025, Lorre filed a Request to the Clerk to Enter Default against both Defendants. (Dkts. 12 and 13; Richards Decl., ¶ 8.) The Clerk entered the requested defaults against each Defendant on August 6, 2025. (Dkts. 14 and 15; Richards Decl., ¶ 9.)

## III.    **LEGAL ARGUMENT**

### A. The Court May Enter Default Judgment.

Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default under Rule 55(a). Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required.

Entry of default judgment is left to the court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter a default judgment, courts may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to

damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")).

California Civil Code section 3344 provides for damages including punitive damages plus attorneys' fees for misappropriation of name, image and likeness. California Civil Code section 3344(a) states:

> "Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to present proof only of the gross revenue attributable to such use, and the person who violated this section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."

(Cal. Civil Code, § 3344(a).)

**B.    The Eitel Factors Favor Entry of Default Judgment**

The first Eitel factor considers the possibility of prejudice to Plaintiff if default judgment is not entered.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As Defendants have failed to appear or otherwise defend this action, Plaintiff would be left without remedy should the default judgment be denied. Therefore, this factor weighs in favor of default judgment.

The second and third Eitel factors deal with the merits and sufficiency of Plaintiff's case.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  These two factors require that Plaintiff "state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this action, Lorre has asserted claims for misappropriation of name and likeness and unfair business practices arising from Defendants' unauthorized use of Plaintiff's likeness in AI-generated advertisements. Numerous courts have held that unauthorized use of a person's likeness for commercial purposes constitutes misappropriation under California law. See, e.g., *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001)[the Court held that the unauthorized use of a photograph of famous surfers in a commercial catalog, along with their names, was actionable under California's misappropriation law, and that such commercial use was not protected by the First Amendment].; *Midler v. Ford Motor Co*., 849 F.2d 460 (9th Cir. 1988) [held that when a professional singer's distinctive voice is deliberately imitated in a commercial to sell a product without her consent, it constitutes an actionable tort of misappropriation of identity under California common law.].

As the Clerk has entered default against Defendants, the factual assertions and allegations made by Plaintiff in her Complaint are taken as true. Lorre owns her rights of publicity. Yet, Defendants used AI-generated deepfakes of Lorre to endorse products without authorization.

1    Defendants' misappropriation has caused, and is likely to continue to cause,

2  consumer confusion, mistake, or deception, including misleading consumers into

3  believing Lorre endorses Defendants' products. Defendants' actions damage Lorre's

4  reputation and goodwill. Taking the factual assertions and allegations as true, Plaintiff

5  has alleged sufficient facts to support her claims against both Defendants, including

6  the alter ego relationship. Therefore, the second and third Eitel factors weigh in favor

   of default judgment.

7    The fourth Eitel factor is the sum of money at stake in the action. *Eitel,* 782

8  F.2d at 1471. Under the fourth Eitel factor, the Court will consider the amount of

9  money at stake compared to the seriousness of the defendants' conduct. *PepsiCo*, 238

10  F. Supp. 2d at 1176-77.

11    Here, Plaintiff seeks $200,000 in compensatory damages, $200,000 in punitive

12  damages, $10,200 in attorneys' fees, $902 in costs, and injunctive relief, which is

13  reasonable given the willful nature of the conduct and harm caused. (Declaration of

   Arielle Lorre ("Lorre Decl."), ¶¶ 4-6; Richards Decl. at ¶¶9-11.) Plaintiff's

14  endorsement fees for similar beauty products range from $25,000 to $50,000 per

15  campaign. (Lorre Decl. at ¶10.) Defendants' unauthorized use has devalued Plaintiff's

16  image and was obtained by Defendants without compensating Plaintiff. Plaintiff

17  should be compensated for Defendants' free use of her images. Plaintiff is seeking

18  $200,000 in damages for the amount of times Defendants used her images. Plaintiff

   estimates they used her images over 100 times without permission. (Lorre Decl. ¶10.)

19  Plaintiff's declaration provides proof of the gross revenue she lost and/or gained by

20  the Defendants using her likeness by a deep fake. (Lorre Decl., ¶10)

21    Defendants' conduct was willful, malicious, and done with conscious disregard

22  for Plaintiff's rights, as they continued the misuse despite knowing it was

   unauthorized. (See Richards Decl. ¶12) This warrants punitive damages of $200,000

23  to punish Defendants and deter similar conduct. Plaintiff is seeking total award for

24

damages of $400,000. This fourth factor considering the amount of money at stake weighs in favor of default judgment.

The fifth Eitel factor is the possibility of a dispute concerning the material facts. *Eitel,* 782 F.2d at 1471. As Defendants have failed to respond, the Court is unable to determine that any material facts may be in dispute. Therefore, this factor should not weigh in favor of either Plaintiff or Defendants.

The sixth Eitel factor is whether Defendants' default was the product of excusable neglect. *Eitel,* 782 F.2d at 1472. Defendants were properly served at their known addresses. Defendants' failure to appear was not the result of excusable neglect. Instead, Defendants have simply chosen to ignore this lawsuit and not to respond to the Complaint. Accordingly, this factor weighs in favor of default judgment.

The seventh and final Eitel factor is the strong public policy favoring decision on the merits. *Eitel,* 782 F.2d at 1472.  Here, Defendants' failure to respond has prevented a decision on the merits. Accordingly, this factor should be considered neutral.

As factors 1, 2, 3, 4, and 6 weigh in favor of granting default judgment, and factors 5 and 7 are neutral, default judgment is proper when the Eitel factors are applied to this case.

### C.    A Permanent Injunction Should Be Granted

Based on California Civil Code section 3344 and 15 U.S.C. Section 1125, issuing an injunction is an appropriate remedy for violations involving rights of publicity and unfair competition. "It is well established that courts can issue injunctions as part of default judgments." *Philip Morris USA, Inc.*, *supra,* 219 F.R.D. at 502.

A permanent injunction may be granted where Plaintiff demonstrates: (1) that she has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering

the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts." *Id*. at 394. However, injunctive relief is often appropriate in cases involving misappropriation of likeness, since there is no adequate remedy at law for ongoing harm. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Plaintiff's Complaint specifically alleges that Defendants' actions have caused and, unless enjoined, will continue to cause consumer confusion, mistake, or deception, including misleading consumers into believing Plaintiff endorses Defendants' products. Plaintiff further alleges that Defendants' misappropriation has caused, and, unless enjoined, will continue to cause irreparable harm to Plaintiff's reputation and goodwill.

## IV.    <u>CONCLUSION</u>

For the reasons stated in this Motion, Plaintiff respectfully requests that default judgment be entered in her favor and jointly and severally against Defendants Theecomfy LLC and Victor Carreras Gonzalez, and that a permanent injunction be entered in her favor and against both Defendants.

DATED: September 18, 2025    LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES, A.P.C.

By:    /s/ Ronald Richards
Ronald Richards, Esq.
Attorneys for Plaintiff Arielle Lorre

DATED: September 18, 2025    LAW OFFICES OF GEOFFREY LONG, A.P.C.

By:    /s/ Geoffrey Long
Geoffrey Long, Esq.

Attorneys for Plaintiff Arielle Lorre

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

MOTION FOR DEFAULT JUDGMENT

## DECLARATION OF RONALD RICHARDS, ESQ.

1. I am an attorney licensed to practice law in the State of California and am counsel of record for Plaintiff Arielle Lorre ("Plaintiff") in this action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. On June 18, 2025, the Complaint was filed in this action. (Dkt. 1).

3. On July 17, 2025, the Proof of Service on Defendant Victor Carreras Gonzalez was filed as Dkt. 11, showing service on June 27, 2025. The answer was due on July 28, 2025. On July 17, 2025, the Proof of Service on Defendant Theecomfy LLC was filed as Dkt. 10, showing service on June 27, 2025. The answer was due on July 28, 2025.

4. No answer or other response was filed by Defendants Theecomfy LLC or Victor Carreras Gonzalez (collectively "Defendants"), and neither the Defendants nor any counsel on their behalf has contacted my office regarding this matter.

5. On August 3, 2025, Plaintiff filed a Request for Entry of Default against both Defendants. (Dkt. 12 and Dkt. 13.)

6. On August 6, 2025, the Clerk entered default against each of the Defendants. (Dkt. 14 and Dkt. 15.)

7. Pursuant to Local Rule 55-1: (a) The default was entered on August 6, 2025, against each of the Defendants; (b) the default was entered as to the Complaint filed on June 18, 2025; (c) neither Defendant is an infant or incompetent person;

(d) Based on a search of the Department of Defense Manpower Data Center records, Defendant Victor Carreras Gonzalez is not in military service as defined by the Servicemembers Civil Relief Act (50 U.S.C. § 3901 et seq.), and Theecomfy LLC, as a corporate entity, is not subject to the Act; and (e) on September 17, 2025, a copy of this motion for default judgment, including notice of the amount of damages requested, was served on Defendants at their last known addresses: 2201 Menaul Blvd. NE, Ste. A, Albuquerque, NM 87107 (for both Theecomfy LLC and Victor Carreras Gonzalez), via first-class mail, pursuant to F.R.Civ.P. 55(b)(2) and Local Rule 55-2.

8. The allegations in the Complaint are true and correct. Defendants Theecomfy LLC and Victor Carreras Gonzalez are jointly and severally liable as alter egos for the misappropriation of Plaintiff's name and likeness through AI-generated deepfake advertisements falsely endorsing Defendants' products, and for unfair business practices.

9. Attorneys' fees in the amount of $10,200.00 are reasonable for the work performed in this case, including investigation, drafting the Complaint, service, default proceedings, and this motion and supporting declarations. I spent a total of eight hours on this matter. Four hours for drafting the complaint and researching the issues, one hour organizing the investigation of the process servers and communicating with the company, and three hours drafting this

motion and the clerk's default and judgment documents. The Complaint requests attorneys' fees and they are authorized pursuant to California Civil Code section 3344. I have been a practicing attorney for over 30 years; my hourly rate is $1,275.00 per hour. This is consistent with attorneys in the Beverly Hills area with my years of experience, qualifications, and success.

10. The research to find these Defendants in New Mexico required the retention of an investigator and process server. A total of $500.00 was incurred and paid for those services. A copy of the invoice is attached as Exhibit "A".

11. There was also an initial court filing fee of $402.00 paid by our office for the Plaintiff. The total costs amounted to $902.

12. On April 2, 2025, I also sent a cease and desist letter. A copy of the email and letter as attached as Exhibit "B". The defendants ignored the letter.

I declare under penalty of perjury under the laws of the United States of America the above to be true and correct.

___/s/ Ronald Richards_____
Ronald Richards

# EXHIBIT A



**VIG**
(949) 500-1610

Invoice #000015

**Issue date**
Jul 3, 2025

# Invoice #000015

| **Customer** | **Invoice Details** | **Payment** |
|---|---|---|
| Ronald Richards | PDF created September 12, 2025 | Due July 3, 2025 |
| ron@ronaldrichards.com | $500.00 | $500.00 |

| Items | Quantity | Price | Amount |
|---|---|---|---|
| Custom Amount | 1 | $500.00 | $500.00 |
| *Lorre v TheeComfy* | | | |
| *2 Serves* | | | |

| Subtotal | $500.00 |
|---|---|

| **Total Paid** | **$500.00** |
|---|---|

**Payments**

| Aug 21, 2025 (Visa 0757) | $500.00 |
|---|---|



**View online**

**To view your invoice go to https://squareup.com/u/BFYNcfh9**

Or open the camera on your mobile device and place the QR code in the camera's view.

# EXHIBIT B

**Ronald Richards**

**From:** Ronald Richards
**Sent:** Wednesday, April 2, 2025 6:21 AM
**To:** info@skiand.com
**Subject:** CEASE AND DESIST, TIME SENSITIVE LETTER
**Attachments:** arielle.ceasedesist.skaind.pdf

**Importance:** High

Dear Sirs,

Please see attached time sensitive cease and desist letter.

LAW OFFICES OF

# **R**onald **R**ichards and **A**ssociates

**A Professional Corporation**
**310-556-1001 Los Angeles Office**
**202-508-1060 DC Office**

Office Locations:

Richards Law Building
West Hollywood, CA

CA Mailing Address:
PO Box 11480
Beverly Hills, CA  90213

DC Office Address:
1629 K ST. Suite 300
Washington D.C., 20006

**\*Admitted in the following Courts:\***
All Fed. and State Cts. in California, 2nd, 9th & 11th Circuit, C.O.A's, ED of Michigan, D of Colorado, W.D. of Tenn., District of Columbia D.C.,
The United States Supreme Court (U.S.S.C.)
**Bar Membership:**
California
District of Columbia

EMAIL: RON@RONALDRICHARDS.COM
WEBSITE: WWW.RONALDRICHARDS.COM

April 2, 2025

Theecomfy LLC
www.Skaind.com
VIA EMAIL:  info@skaind.com

## **CEASE AND DESIST IMMEDIATE USE OF ARIELLE LORRE'S LIKENESS**

Dear Sirs,

Our office represents Arielle Lorre.  We are attaching a screen shot of a video being run by you on Instagram stories.  This is a blatant violation of his likeness and is a serious tort.

Pursuant to California law, you may not use her likeness to promote your product.  To prove a misappropriation, a plaintiff must show (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Loc. TV, LLC v. Superior Ct.*, 3 Cal. App. 5th 1, 7–8, (2016).

In your case, you are using a video that has been edited and manipulated to suggest she is doing an interview with your company and falsely implying she is endorsing your product or commenting on it.   You are also posting pictures of her with another client of ours.   Not only is this interfering with the integrity of her well positioned and credible endorsements but it is also stealing money from her as you are not paying for her endorsement.  You are diluting her brand and hurting companies that actually use her endorsement and paid for it.  To the extent you are using AI, you may be subjecting yourself to serious civil and potentially criminal consequences under California law.  We have attached screenshots.  These images are being displayed on your Instagram account.

1

These deceptive practices have severe consequences under California law.  Our client will
seek damages including punitive damages in the event you do not immediately take down
all false endorsement videos.  We will also report these intellectual property violations to
Facebook and Instagram and all the places you advertise and you will be blacklisted.

Your continued false advertising campaign also violates Business and Professions Code
section 17200 et. seq., the unfair competition law. Section 17200 provides a private cause
of action for any "unlawful, unfair or fraudulent business practice and unfair, deceptive,
untrue or misleading advertising." Section 17200, provides injunctive relief and
restitution to prevent ongoing or threatened acts of unfair competition. (*Zhang v. Superior
Court* (2013) 57 Cal.4th 364, 371)

You have 72 hours to remove these materials and provide us with assurances you will not
do this again or will shall proceed against you in numerous forums and avenues.

Sincerely,

Ronald Richards, Esq.



it's not even that complicated

6:06

# Video



**skaind.official**

She's 56 and GLOWING!! 🤯

Shop now ›

♡ 77   💬 5   ⏍

**skaind.official** 🚨 Our BIGGEST SALE of


Docusign Envelope ID: 6D6E8687-5E35-4C56-A24E-25D002729592

# DECLARATION OF ARIELLE LORRE

I, Arielle Lorre, declare as follows:

1. I am the Plaintiff in this action. I am over the age of 18 and have personal knowledge of the facts stated herein. If called as a witness, I could and would competently testify thereto.

2. I am a well-known influencer and podcaster in the wellness and beauty industry, residing in Los Angeles County, California. I have built a substantial following and brand value through my authentic endorsements and content.

3. Without my consent, Defendants Theecomfy LLC or Victor Carreras Gonzalez (collectively "Defendants") used AI-generated deepfake videos and images of my likeness to falsely endorse their skincare products, including on social media and their website. This misuse began around early 2025 and continued until at least the filing of this lawsuit. I personally saw and viewed these false and fake images and videos on Defendants' social media and website.

4. I found out about the misuse because one of my followers sent me the fake images.

5. The Defendants hid the misuse of my images by only displaying them in targeted ads.

6. Defendants also generated a deep fake of me with my boyfriend taken from posts on my own social media.

7. Defendants also lied about the fact that they pretended that the fake image of me

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

was AI and that I was not a real person. They tried to pretend I was only created by AI. It was a bad lie.

8. I reached out to the Defendants via their social media account regarding their unauthorized use of my image and likeness. Defendants wrote me back admitting the unauthorized use and appropriation of my image and likeness and apologized, but did nothing to reimburse me for the damage they caused.

9. As a result of Defendants' actions, there was a dilution of my brand value, reputational harm, and emotional distress. This is because I was associated with an inferior brand and I only work with certain brands.

10. Based on my experience, likeness, and following, my endorsement fees for similar beauty products as those of Defendants' range from $25,000 to $50,000 per campaign. Defendants' unauthorized use of my likeness and image has devalued my image and brand. I should be compensated for their free use of my images. I am seeking $200,000 in damages for the amount of times they used my images. I am estimating they used my images over 100 times without permission.

11. Defendants' conduct was willful, malicious, and done with conscious disregard for my rights, as they continued the misuse despite knowing it was unauthorized. This warrants punitive damages of $200,000 to punish Defendants and deter similar conduct.

12. Defendants profited from their unauthorized use of my likeness and image through increased sales of their products. Since Defendants are avoiding responsibility, I cannot seek full restitution and disgorgement of their profits. The $400,000 award is a fair compromise.

13. To prevent ongoing harm, a permanent injunction is necessary to enjoin Defendants from further using my likeness or engaging in similar unfair practices.

14. Prejudgment interest should accrue on the damages at the statutory rate from the date of the misuse.

15. I am incorporating by reference the Complaint and allegations set forth in the Complaint as true and correct attached as Exhibit "C" to this motion.


I declare under penalty of perjury under the laws of the United States of America the above to be true and correct.

Signed by:

Arielle Lorre

MOTION FOR DEFAULT JUDGMENT

# EXHIBIT C

1  Ronald N. Richards (Cal. State Bar No. 176246)
   LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
2  Email: ron@ronaldrichards.com
   P.O. Box 11480
3  Beverly Hills, California 90213
   Telephone: (310) 556-1001
4  Facsimile: (310) 277-3325

5
   Geoffrey S. Long (Cal. State Bar No. 187429)
6  LAW OFFICES OF GEOFFREY LONG, A.P.C.
   Email: glong0607@gmail.com
7  1601 N. Sepulveda Blvd., No. 729
   Manhattan Beach, California 90266
8  Telephone: (310) 480-5946
   Facsimile: (310) 796-5663
9
10 Attorneys for Plaintiff ARIELLE LORRE, an individual

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
                       WESTERN DIVISION
13

14

15 ARIELLE LORRE, an individual,          )  Case No.
                                          )
16              Plaintiff,                 )
                                          )  **COMPLAINT FOR:**
17        v.                               )
                                          )  **(1) MISAPPROPRIATION OF NAME
18 THEECOMFY LLC, a New Mexico            )      AND LIKENESS**
   limited liability company; and VICTOR  )
19 CARRERAS GONZALEZ, an individual,      )  **(2) UNFAIR BUSINESS PRACTICES
                                          )      (CAL. BUS. & PROF. CODE §§
20              Defendants.                )      17200 ET SEQ.)**
                                          )
21 _____    )

22

23        COMES NOW Plaintiff ARIELLE LORRE ("Plaintiff" or "Lorre") for her

24 Complaint against Defendants THEECOMFY LLC ("Theecomfy") and VICTOR

25 CARRERAS GONZALEZ ("Gonzalez," collectively "Defendants"), and states and

26 alleges as follows:

27                              **PARTIES**

28        1.    Lorre is a woman residing in Los Angeles County, State of California.

                                        1

2. Defendant Theecomfy is a New Mexico limited liability company with its principal place of business located in Albuquerque, New Mexico. Theecomfy is not registered with the California Secretary of State to conduct business in the State of California.

3. Defendant Gonzalez is an individual. Plaintiff is informed and believes that Gonzalez is the sole managing member of Theecomfy. Plaintiff is informed and believes that Gonzalez resides in Albuquerque, New Mexico.

4. Plaintiff is informed and believes, and thereon alleges, that at all times alleged in this Complaint, Defendants, and each of them, were the agents, alter egos, and representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of their respective authorities as agents, representatives, and are jointly and severally liable to Plaintiff.

5. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint Gonzalez and Theecomfy are and were the alter egos of each other. Plaintiff alleges that as alter egos of each other, Gonzalez and Theecomfy each are liable for the debts, obligations, and acts of each other. The separateness of Theecomfy should be disregarded in order to promote the ends of justice. Theecomfy has been used by Gonzalez to perpetrate a fraud on the public, and its separateness should be disregarded and the acts of each of them should be treated as if they were the acts of the others.

6. Plaintiff is informed and believes, and thereon alleges, that Gonzalez failed to treat Theecomfy as a separate entity and operated that business as a sole proprietorship.

7. Plaintiff is informed and believes, and thereon alleges, that as between Gonzalez and Theecomfy there is a domination of finances, policies and practices such that there is no corporate separateness between them, that Theecomfy is simply a business conduit for Gonzalez and the corporate veil should be pierced.

8.     Plaintiff is informed and believes, and thereon alleges, that Theecomfy and Gonzalez are the alter egos of each other.  Plaintiff is informed and believes that Theecomfy is:

   a.  undercapitalized,

   b.  has commingled funds and other assets between Theecomfy and Gonzalez,

   c.  has failed to segregate funds,

   d.  that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,

   e.  that Gonzalez has treated the assets of Theecomfy as his own and used the funds for his personal uses,

   f.  that there has been a failure to maintain minutes and adequate corporate/LLC records,

   g.  there is an absence of corporate assets,

   h.  that the use of the entity is a mere shell, instrumentality or conduit for the business of Gonzalez,

   i.  there is a disregard of legal formalities and the failure to maintain arm's length relationships between Theecomfy and Gonzalez,

   j.  there have been diversions of assets from the entity to Gonzalez to the detriment of creditors, and

   k.  there has been a use of Theecomfy as a shield against personal liability of Gonzalez.

## JURISDICTION AND VENUE ALLEGATIONS

9.     This Court has original subject matter jurisdiction over this action pursuant to 18 U.S.C. Section 1332 in that the amount in controversy exceeds $75,000, exclusive of interest, Plaintiff is a citizen/resident of the State of California, Gonzalez is a citizen/resident of the State of New Mexico, and Theecomfy is a citizen

of New Mexico (<u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006)).

10.    Venue is proper in this Court on the ground that Plaintiff resides in this judicial district.

### STATEMENT OF FACTS

11.    Plaintiff is a well-known and successful lifestyle, wellness, and health influencer based in Los Angeles, California.

12.    In 2016, Plaintiff made her Instagram debut, which thereafter lead to the creation of her website and subsequent podcast, Well with Arielle Lorre.  She has an incredibly profitable brand and protects it by being very discerning with partnerships and content.  This is what Plaintiff really looks like:



COMPLAINT FOR MISAPPROPRIATION OF NAME AND LIKENESS AND VIOLATION OF CAL. UNFAIR
BUSINESS PRACTICES LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

13.     Plaintiff has numerous valuable endorsements in the health, lifestyle, and beauty industries as a result of her brand, story, success as an influencer, appearance, likeness, and image.

14.     Plaintiff has become widely known for her skin, skincare videos, and being a trusted authority in the beauty space.

15.     Plaintiff's brand, likeness, and image have significant personal and commercial value.

16.     Plaintiff is informed and believes that Defendants own and operate the website www.skaind.com whereon Defendants market and sell a skin care line under the brand name Skaind, possibly among others.

17.     Plaintiff is informed and believes that Defendants maintain and operate the Instagram account @skaind_brand and perhaps other accounts on Instagram, Facebook, and other forms of social media whereon Defendants market and sell a skin care line under the brand name Skaind.

18.     Defendants have used on social media, including on their Instagram and Facebook accounts, a video that Defendants falsely altered, edited, and manipulated to suggest that Plaintiff is participating in an interview with Defendants' to promote and endorse their products, Skaind brand, and company/business.  The manipulated and edited video made and used by Defendants falsely suggests and implies that Plaintiff is endorsing Defendants' product/business or commenting on it and falsely claiming that Plaintiff is 60 years old.  Defendants engaged in these false acts without Plaintiff's knowledge, permission or consent.  Defendants have used AI and other deceptive tools to manipulate Plaintiff's image.

19.     Defendants utilized the fake images of Plaintiff by, among other means, distributing them to a targeted list of social media followers of Plaintiff.

20.     Defendants also posted pictures of Plaintiff on Defendants' Instagram and social media accounts without Plaintiff's knowledge, permission or consent.

COMPLAINT FOR MISAPPROPRIATION OF NAME AND LIKENESS AND VIOLATION OF CAL. UNFAIR BUSINESS PRACTICES LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

Defendants also had b-roll video of Plaintiff's significant other without permission.

21.    The following screenshots were taken from Defendants' Instagram account @skaind_brand and are examples of the foregoing false and tortious acts by Defendants against Plaintiff and tortious use and misappropriation of her likeness and image.    The first screenshot is directly from Defendants' Instagram account as it appeared therein.    The red text in the second screenshot was added by Plaintiff to describe each of the two side-by-side images in the second screenshot:





COMPLAINT FOR MISAPPROPRIATION OF NAME AND LIKENESS AND VIOLATION OF CAL. UNFAIR BUSINESS PRACTICES LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

22.   Defendants' false acts and misappropriation of Plaintiff's likeness has interfered with and is interfering with the integrity of Plaintiff's well-positioned and credible endorsements.

23.   Defendants' false acts and misappropriation of Plaintiff's likeness has impaired Plaintiff's credibility in connection with her business as an influencer and endorser of beauty and health products.

24.   Defendants have not compensated Plaintiff for the use of her image and likeness.

25.   Defendants' acts have and are diluting Plaintiff's brand and the value of her approved and paid endorsements.

26.   It is unknown how long Defendants have been engaging in the foregoing tortious and wrongful conduct against Plaintiff and her image and likeness.

27.   Defendants were notified in writing of their tortious and wrongful acts on or about April 2, 2025.

28.   In response to a message sent to Defendants via their social media account regarding their unauthorized use of Plaintiff's image and likeness, Defendants admitted to the unauthorized use and misappropriation of Plaintiff's image and likeness as follows:

> Hello Arielle
>
> We wanted to apologize for the use of a video clip of you in our recent advertising campaign. We want to clarify that at no time was it our intention to use your image or voice without authorization.
>
> Our marketing team accessed this content through an artificial intelligence platform without being aware that it was a recognized person or with image rights.
>
> The content will be removed from Meta today. However, it may still be displayed briefly due to Meta's refresh times, as advertising impacts are not instantly interrupted.
>
> We deeply regret this situation and any inconvenience it may have caused

COMPLAINT FOR MISAPPROPRIATION OF NAME AND LIKENESS AND VIOLATION OF CAL. UNFAIR BUSINESS PRACTICES LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

you. We are committed to strengthening our internal processes to prevent this from happening again.

If there is anything else we can do to correct the error, please let us know.

Yours sincerely,

Lucie

29.    Plaintiff is informed and believes that Defendants are continuing their tortious and wrongful use and misappropriation of Plaintiff's likeness and image.

## FIRST CLAIM

### For Misappropriation of Name and Likeness

### (Against all Defendants)

30.    Plaintiff realleges and reavers the allegations set forth in paragraphs one through twenty-nine above as if fully rewritten herein.

31.    Defendants have used Plaintiff's image and likeness on Defendants' social media, including but not limited on Defendants' Instagram account, as alleged herein.

32.    Plaintiff is further informed and believes that Defendants have used Plaintiff's image and likeness on Defendants' website.

33.    Defendants' use and misappropriation of Plaintiff's image and likeness was undertaken by Defendants for the purpose of promoting, marketing and selling Defendants' business and products and for the purpose of Defendants commercial/business and other advantage and benefits.

34.    Plaintiff did not consent to Defendants' use and misappropriation of her likeness and image.

35.    Defendants' false, wrongful, unauthorized, and tortious use of Plaintiff's likeness and image has resulted in injury to Plaintiff including, but not limited to, diluting her brand, diluting the value of her endorsement of her legitimate clients, and harming her credibility as an influencer.

36.    As a direct and proximate result of Defendants' tortious conduct as

alleged herein, Plaintiff has been damaged in the amount of at least $2,000,000 according to proof.

37.    In doing the things alleged herein, Defendants acted willfully, maliciously, and with the intent to cause injury and harm to Plaintiff and to intentionally and falsely misappropriate Plaintiff's image and likeness.  Defendants are guilty of malice and/or fraud in conscious disregard of Plaintiff's rights, thereby warranting punitive and exemplary damages in an amount appropriate to punish Defendants, and each of them, and deter them and others from engaging in similar misconduct.

## SECOND CLAIM
### Violation of California Unfair Business Practices Act
### (*Cal. Bus. & Prof. Code* §§ 17200 *set seq.*)
### (Against all Defendants)

38.    Plaintiff realleges and reavers the allegations set forth in paragraphs one through thirty-seven above as if fully rewritten herein.

39.    Defendants have engaged in acts violating California law including, but not limited to, misappropriating Plaintiff's image and likeness.

40.    Plaintiff is informed and believes, and thereon alleges, that for the reasons set forth herein, Defendants have and are engaged in unlawful, unfair, and fraudulent business practices in violation of California *Business & Professions Code,* section 17200, including, but not limited to:

     a.  misappropriating Plaintiff's image and likeness;

     b.  altering images/video of Plaintiff; and

     a.  representing that Defendants' products have Plaintiff's approval and endorsement when they do not.

41.    Plaintiff is informed and believes, and thereon alleges, that for the reasons set forth above, Defendants have violated the unlawful prong of California

*Business & Professions Code,* section 17200, in that the acts, practices, and business activities of Defendants, as alleged herein, are forbidden by law.

42.     Plaintiff is informed and believes, and thereon alleges, that for the reasons set forth above, Defendants have violated the fraudulent business practices prong of California *Business & Professions Code,* section 17200, in that Defendants' foregoing business practices are likely to deceive and did deceive California consumers because they are untrue and/or had a tendency to mislead or deceive.

43.     Plaintiff is informed and believes, and thereon alleges, that Defendants also have violated the fraudulent business practices prong of California *Business & Professions Code,* section 17200, in that, Defendants made the false misrepresentations to California consumers as alleged herein.

44.     Plaintiff has suffered injury in fact and loss of money and/or property as a direct result of Defendants' violations of California *Business & Professions Code,* section 17200.

45.     Pursuant to California *Business and Professions Code* Section 17203, Plaintiff is entitled to restitution of amounts paid to or received by Defendants and rightfully belonging to Plaintiff.

46.     Plaintiff also seeks a preliminary and permanent injunction against Defendants from engaging in each of the unlawful, unfair, and fraudulent practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.     For damages according to proof, but in the amount of at least $2,000,000.

2.     That an injunction be issued, preliminarily and permanently, ordering the Defendants to remove any images and likeness of Plaintiff from their Instagram accounts, Facebook page, all other social media accounts, and website.

3.     That Defendants, their affiliates, officers, agents, servants, employees,

COMPLAINT FOR MISAPPROPRIATION OF NAME AND LIKENESS AND VIOLATION OF CAL. UNFAIR BUSINESS PRACTICES LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

attorneys, confederates, and all other persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminary, and permanently enjoined and restrained from:

        a)    using Plaintiff's likeness or image;

        b)    representing or passing off that Plaintiff has endorsed any of Defendant' products, business or company; and

        c)    committing any acts calculated or intended to cause consumers to believe that Plaintiff has endorsed Defendants' products, business or company.

4.    For restitution of all amounts received by Defendants for the use and misappropriation of Plaintiff's likeness and image.

5.    For preliminary and permanent injunctive relief enjoining Defendants' unlawful, unfair, and fraudulent business practices in connection with the use and misappropriation of Plaintiff's image and likeness.

6.    That Plaintiff be awarded her reasonable attorneys' fees pursuant to statute.

7.    For punitive or exemplary damages.

8.    That Plaintiff be awarded court costs.

9.    That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

DATED: May 29, 2025        LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES, A.P.C.

By:  /s/ Ronald Richards
        Ronald Richards, Esq.
Attorneys for Plaintiff COASTLINE SANTA MONICA INVESTMENTS, LLC

DATED: May 29, 2025        LAW OFFICES OF GEOFFREY LONG, A.P.C.

By:  /s/ Geoffrey Long
        Geoffrey Long, Esq.
Attorneys for Plaintiff COASTLINE SANTA MONICA INVESTMENTS, LLC

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is P.O. Box 11480 Beverly Hills, CA 90213.

On the date indicated below, I served the foregoing document(s) described as:
**1. PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS THEECOMFY LLC AND VICTOR CARRERAS GONZALEZ**
**2. DECLARATION OF ARIELLE LORRE**
**3. DECLARATION OF RONALD RICHARDS, ESQ.**
**4. PROPOSED ORDER**
on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

Theecomfy LLC
2201 Menaul Blvd. NE, Ste. A
Albuquerque, NM 87107
Email to: info@skiand.com

Victor Carreras Gonzalez
2201 Menaul Blvd. NE, Ste. A
Albuquerque, NM 87107
Email to: info@skiand.com

X **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct. Executed on September 18, 2025, in Los Angeles, CA

/s/ Ronald Richards

_____
RONALD RICHARDS